[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the decision of the defendant suspending his motor vehicle operator's license. The defendant's action, pursuant to General Statutes, § 14-227b, was based on the plaintiff's alleged failure of a chemical blood alcohol test administered by officers of the Newington Police Department. The plaintiff appeals pursuant to C.G.S. § 4-183. The court rules in favor of the defendant.
The record reveals that the plaintiff was arrested on October 15, 1994 by a Newington police officer and charged with operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a. Following his arrest and advisement of rights, the plaintiff consented to a breath test. The two test results were .143 and .139 according to the Department of Motor Vehicle Form A-44 admitted as Exhibit A at the plaintiff's administrative hearing. After receipt of these facts, the defendant suspended the plaintiff's motor vehicle operator's license. The plaintiff requested an administrative hearing, which was held on November 1, 1994. The record indicates that the plaintiff did not testify, but he was represented by counsel, and the plaintiff offered the testimony of Newington police officer James Lostocco. Officer Lostocco had administered the breathalyser test to the plaintiff on October 15, 1994, and testified to the circumstances surrounding the test and the completion of Exhibit A. With regard to Exhibit A, and this is essential to the plaintiff's claim, the parties stipulated that the box in Section F was checked, but that it was not checked by Officer Lostocco. Further, the box was checked with blue ink. Officer Boutot, the arresting officer, signed Exhibit A in black ink. Sgt. Clark, who acknowledged Officer Boutot's signature, signed his name in blue ink. Officer Lostocco testified at the administrative hearing that he was certified to operate the analytical device, which itself was certified, and that he had checked it for accuracy in accordance with state regulations. He also testified that arresting officer Boutot was present throughout this process of testing machine and plaintiff. Sgt. Clark was not. CT Page 9577
The administrative hearing officer sustained the suspension of the plaintiff's license on November 2, 1994.
The plaintiff subsequently pled guilty in G.A. 15 on November 10, 1994 to operating while impaired. On November 17, 1994 the plaintiff timely filed his appeal of the license suspension by the defendant.
Since the decision of the defendant suspended the plaintiff's license, the plaintiff is aggrieved within the meaning of General Statutes § 4-183.
Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, 707-708,372 A.2d 110 (1976).
"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court must "determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. Dept. of Public Utility Control, 216 Conn. 627, 639, 583 A.2d 906
(1990). The reviewing court, in its determination whether an administrative finding is supported by substantial evidence, must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness in whole or in part. Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580,593, 590 A.2d 447 (1991). "`The reviewing court must take into account [that there is] contradictory evidence in the CT Page 9578 record . . . but "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . ."'" Huck v. Inland Wetland Watercourses Agency,203 Conn. 525, 542, 525 A.2d 940 (1987).
General Statutes § 14-227b(f) provides in relevant part: "The hearing [of the Department of Motor Vehicles] shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both . . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . .' and (4) was such person operating the motor vehicle."
The plaintiff attacks his suspension on two grounds. The first was the claim that the suspension instituted a violation of plaintiff's constitutional protection against double jeopardy punishment. This issue was decided against plaintiff's position in the case of State vs. Hickam, 235 Conn. 614 (1995), and needs no further discussion.
Plaintiff's second claim is that neither officer who was present at his analytical testing checked the box in Section F of Form A-44 regarding the chemical alcohol test procedures, and that this defect makes the Exhibit A inadmissible, this depriving the hearing officer of a necessary basis for a per se suspension, to wit, test results in excess of .10.
Our Supreme Court in Schallenkamp v. DelPonte, 229 Conn. 31
(1994), held that the Commissioner's determination to suspend an operator's license is limited to "the four prerequisites," and that the Court cannot overturn, even if there is conflicting evidence, the Commissioner's decision if there is substantial evidence to support the finding of the hearing officer. The record in the instant appeal establishes that the hearing officer heard testimony from the officer who administered the breath test to the plaintiff. The officer's testimony provided sufficient evidence of statutory compliance for the hearing officer to uphold the suspension of the plaintiff's operator's license.
Accordingly, the plaintiff's appeal is dismissed.
John C. Driscoll, Judge CT Page 9579